# EXHIBIT A

No. 15A568297
Date Summons Issued and Filed
8/27/15
*[signature]*
Deputy Clerk
Deposit Paid $ 222.00

[ ] Answer
[ ] Jury

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

FREDERICK LUSTER
c/o Skaar & Feagle, LLP
2374 Main Street, Suite B, Tucker, GA 30084
(Plaintiff's name and address)

vs.

BARCLAYS BANK DELAWARE
c/o an authorized agent or officer at its principal place of business, located at:
100 S. West Street, Wilmington, DE, 19801
(Defendant's name and address)

*[Filed stamp: 2015 AUG 27 PM 3:57, STATE COURT OF DEKALB COUNTY, GA]*
*[Stamp: IN SHERIFF'S HANDS NEW CASTLE COUNTY]*

### TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the CLERK of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the Plaintiff's attorney, to wit:

James M. Feagle, Esq.
Georgia Bar No. 256916
Skaar & Feagle, LLP
2374 Main Street, Suite B
Tucker, GA 30084
(404) 373-1970

an ANSWER to the complaint which is herewith served upon you, within 30 days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus costs of this action.)

---

| Defendant's Attorney | Third Party Attorney |
|---|---|
| Address | Address |
| Phone No.        Georgia Bar No. | Phone No.        Georgia Bar No. |

| | | TYPE OF SUIT | | |
|---|---|---|---|---|
| ☐ Account | ☐ Personal Injury | | Principal | $ |
| ☐ Contract | ☐ Medical Malpractice | | | |
| ☐ Note | ☐ Legal Malpractice | | Interest | $ |
| ☐ Trover | ☐ Product Liability | | | |
| | ☐ Other | | Atty Fees | $ |

☐ Transferred From _____

(Attach BLUE to Original and WHITE to Service Copy of complaint)

summons1-2008rev



IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

FREDERICK LUSTER,
on behalf of himself and all
others similarly situated,

    Plaintiff,

v.

BARCLAYS BANK DELAWARE,
a Delaware Bank,

    Defendants.

Civil Action File No.
15A56829-7

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff FREDERICK LUSTER ("LUSTER"), on behalf of himself and all others similarly situated, alleges that Defendant BARCLAYS BANK DELAWARE a Delaware Bank (Hereinafter referred to as "BARCLAYS"), violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 and associated regulations and FCC orders, by initiating non-emergency telephone calls using an automatic telephone dialing system to cellular telephone numbers without the prior express consent of the subscribers of those cellular telephone numbers.

1

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff is a natural person who resides in DeKalb County Georgia.

3. Plaintiff is a subscriber for cellular telephone services for telephone number (404) 379-1970.

4. Defendant BARCLAY BANK DELAWARE is a Bank chartered under the laws of Delaware. [Hereinafter said defendant is referred to as "BARCLAYS"]

5. BARCLAYS was formerly known as Jupiter Bank.

6. BARCLAYS may be served by personal service on an officer or other authorized agent at its principal place of business in Delaware, to wit: Barclays Bank Delaware, 100 S. West Street, Wilmington DE, 19801.

7. BARCLAYS sells financial products and services.

8. BARCLAYS, either by itself or through related companies, issues credit card loans to consumers in Georgia and also throughout the entire country.

9. BARCLAYS maintains an official website for its company at https://www.barclaycardus.com.

10. BARCLAYS official website solicits customers to apply for one of their credit card accounts.

11. When BARCLAYS credit card accounts go unpaid, BARCLAYS makes telephone calls in an attempt to collect the accounts.

12. In the course of its business, BARCLAYS made telephone calls to Plaintiff's cellular telephone number in this County.

13. Plaintiff has never been a BARCLAYS credit card account.

14. Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

15. In the four years preceding the filing of this action, Plaintiff has received numerous telephone calls to his cellular telephone number in an attempt to collect debts on a Barclaycard Reward World MasterCard allegedly owed by a person whom Plaintiff does not personally know and who was identified in all of the calls as "Savoir Alexandry".

16. The alleged debtor at no time had access to Plaintiff's cellular telephone.

17. Plaintiff does not know the alleged debtor, and does not know why he received calls for that person.

18. The calls by BARCLAYS to Plaintiff were not the result of a reassigned number.

19. Plaintiff has maintained his cell phone number for more than a decade.

20. All of the telephone calls were initiated by BARCLAYS to collect on a debt purportedly owed to BARCLAYS by their customer.

21. BARCLAYS uses dialing systems to make telephone calls.

22. There are long pauses at the beginning of some of the messages left by BARCLAYS internal collection agents.

23. BARCLAYS used such systems in making calls to Plaintiff's cellular telephone number.

24. BARCLAYS' systems that has the capacity to predictively dial.

25. BARCLAYS' dialing systems and collection software have the capacity to store a database of telephone numbers and to dial those numbers at random or in sequential order.

26. BARCLAYS programs telephone numbers into its collection system which then dials those numbers at a rate to ensure that a customer representative will be available when a consumer answers the telephone.

27. BARCLAYS' dialing systems have the capacity to dial from a list of telephone numbers without human intervention.

28. BARCLAYS' dialing systems have the capacity to dial from a list of telephone numbers without a person having to physically dial each digit of a particular telephone number to place the call.

29. The telephone calls to Plaintiff were initiated by BARCLAYS using collection software which had the capacity to predictive dial at the time of the calls.

30. Plaintiff never provided permission or consent for BARCLAYS to make the telephone calls to his cellular telephone number.

31. BARCLAYS knew about the TCPA before making the calls to Plaintiff and the putative class, but made these autodialed calls to cell phones in spite of such knowledge.

32. The telephone calls were intentionally, willfully, and knowingly initiated in order to obtain payment on delinquent BARCLAYS credit card accounts.

33. The telephone calls were not initiated by accident or mistake.

## CLASS ACTION ALLEGATIONS

This action is brought on behalf of a class defined as (i) all subscribers of cellular telephone numbers (ii) to whom Defendant made telephone calls (iii) using the system or systems used in making calls to telephone number (404) 379-1970 (iv) in an attempt to collect a BARCLAYS debt, (v) in the four-year period preceding the filing of this action; (vi) the following persons are excluded from the class: any person who provided his or her telephone number to Defendant and

any person that had a contractual relationship with defendant such that all calls arose from such transaction.

34. The exact size of the class is information within the exclusive knowledge of Defendant; however, on information and belief—including based on the experience of Plaintiff's counsel and the alleged use of autodialing technology—the size of the class is in the thousands, if not hundreds of thousands.

35. The class is so numerous that joinder of all members is impractical.

36. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a. Whether Defendant's dialing system constitutes an automatic telephone dialing system; and

    b. Damages, including whether Plaintiff and the class are entitled to treble damages for willful or knowing conduct, 47 U.S.C. § 227(b)(3).

37. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories relating to Defendant making autodialed collection calls to cellular telephones where the person had not previously provided his or her number to Defendant.

38. All of the class members were called in an attempt to collect a debt owed to BARCLAYS.

39. Plaintiff will fairly and adequately protect the interests of the class, and has no interests that might conflict with those of the class. Plaintiff has retained counsel experienced in handling TCPA robocall actions and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

40. Certification of the class under Rule 23(b)(3) of the applicable Rules of Civil Procedure is appropriate in that:

    a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment will permit a large number of similarly situated persons to prosecute their common claims relating to Defendant's autodialed calls to their cell phones in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual lawsuits would entail. Absent a class action, many members of the class will likely not obtain relief, whether because they are unaware of their

right to relief from the harm caused by Defendant's illegal practices, due to the prohibitive time and monetary cost inherent in individual litigation, or otherwise.

41. Plaintiff requests certification of a class pursuant to Rule 23(b)(3) for monetary damages and injunctive relief.

## CAUSES OF ACTION

### COUNT ONE: TELEPHONE CONSUMER PROTECTION ACT

42. The acts of Defendant constitute violations of the TCPA.

43. Defendant's calls to the cellular telephones of Plaintiff and the other members of the class were made using equipment capable of dialing numbers without human intervention.

44. No human being physically dialed each digit of Plaintiff and the class' phone numbers to place calls to their respective cellular telephones.

45. Defendant's violations of the TCPA include but are not limited to making telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and the class, in violation of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 CFR § 64.1200(a)(1)(iii).

46. As a result of Defendants' actions, Plaintiff and the members of the class are entitled to an award of actual damages or $500.00, whichever is greater, for each such violation. 47 U.S.C. § 227(b)(3).

47. Defendants' conduct was willful and knowing. Plaintiff, on behalf of himself and the class, requests that the court treble damages pursuant to 47 U.S.C. § 227(b)(3).

## COUNT TWO: BAD FAITH ATTORNEYS FEES

48. Defendant has acted in bad faith, been stubbornly litigious and/or caused the Plaintiff unnecessary trouble and expense. Plaintiff requests an award of the expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of himself and the class he seeks to represent against Defendant, as follows:

    A. Certification of this matter as a class action;

    B. Damages pursuant to 47 U.S.C. § 227(b)(3);

D. Injunctive relief, under 47 U.S.C. § 227(b)(3)(A), to prevent future nonconsensual calls by Defendant using its dialing system in violation of the TCPA;

E. Attorneys' fees and litigation expenses of suit pursuant to O.C.G.A. § 13-6-11;

F. Costs of this action pursuant to Rule 54; and

G. Such further and additional relief as the court deems just and proper.

## JURY DEMAND

Plaintiff herein demands a trial by jury on all issues so triable.

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, e-mails, phone records, dialer records, dialer reports, documents, and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party or vendor associated with any telephone call, campaign, account sale, or file associated with plaintiff or the putative class members, and any account, number, or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of defendant.

Respectfully submitted,

SKAAR & FEAGLE, LLP

by: /s/ James M. Feagle
James M. Feagle
Georgia Bar No. 256916
jfeagle@skaarandfeagle.com
2374 Main Street
Suite B
Tucker, GA 30084
404 / 373-1970
404 / 601-1855 fax


Justin T. Holcombe
Georgia Bar No. 552100
jholcombe@skaarandfeagle.com
Kris Skaar
Georgia Bar No. 649610
kskaar@skaarandfeagle.com
133 Mirramont Lake Drive
Woodstock, GA 30189
770 / 427-5600
404 / 601-1855 fax


ATTORNEYS FOR PLAINTIFF

11




**OJS Online Judicial System**

**DeKalb County, GA**

OJS SEARCH HOME

October 15, 2015    ( Information last refreshed 15-OCT-2015 12:12:46 PM EST )

LOGOUT

### Civil Case Search

| | | | | |
|---|---|---|---|---|
| Case ID: | 15A56829 | | Case Type: | All Types |
| Last Name / First Name: | LUSTER | FREDERICK | Case Status: | ● Open ○ All |
| OR Company Name: | | | Court Code: | All Courts |
| ☑ Exact Last Name Search ☐ Phonetic Search | | | Filing Date From: | MM/DD/YYYY |
| search    reset | | | Filing Date To: | MM/DD/YYYY |

### Case Information

Case:  15A56829 (Open)  FREDERICK LUSTER VS BARCLAYS BANK DELAWARE
Filing Date: 08/27/2015    Type: State Civil Suits
Judge:   JANIS C GORDON   State Court
Secondary: General Civil Other
Tertiary:
Related Cases:
*No Related Cases.*

### Parties

| Party | Type |
|---|---|
| LUSTER, FREDERICK | Plaintiff |
| JAMES M FEAGLE | Attorney |
| LUSTER, FREDERICK | On Behalf Of |
| BARCLAYS BANK DELAWARE | Defendant |

### Scheduled Events

| Scheduled Date/Time | Event Description | Building | Room |
|---|---|---|---|

*No Events Scheduled.*

### Docket Entries

| Description | Filing Date | Text | Assoc. Party? |
|---|---|---|---|
| COPY | 31-AUG-2015 | The fee ACPY in the amount of 5.00 was added on CBAACCD, MC 5.00 CASH 131500 | No |
| PAYMENT | 31-AUG-2015 | A Payment of -$5.00 was made on receipt STXA326632. | No |
| Filing Fee | 27-AUG-2015 | MBG/CK# 2032/222.00 | Yes |
| JURY DEMAND FILED | 27-AUG-2015 | MBG | Yes |
| PAYMENT | 27-AUG-2015 | A Payment of -$222.00 was made on receipt STXA326591. | No |

Disclaimer
Copyright 2007. All rights Reserved.
Service provided by DeKalb County, GA

OJS Online Judicial System
DeKalb County, GA